38 F.3d 1221
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Loren Eugene HELDERBRANDT, Defendant-Appellant.
 No. 94-7050.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Heldebrandt pled guilty to the crime of manufacturing fifty-eight marijuana plants and was sentenced to thirty-three months imprisonment. Mr. Heldebrandt appeals his sentence. We exercise jurisdiction over this appeal and affirm the sentence.
 
 
 3
 The facts are simple and straightforward. Mr. Heldebrandt lived in a rural county in an old Greyhound bus. Mr. Heldebrandt planted and cultivated marijuana nearby. When he was arrested, he stated: "I've got nothing to live for but that marijuana. I have been smoking it so long I would kill for that marijuana." Mr. Heldebrandt kept a loaded and operable shotgun right beside his couch in the bus. At the sentencing hearing, Mr. Heldebrandt testified he had the shotgun for his own protection and for the protection of his chickens and dogs. He also testified he once encountered a black panther out in the woods nears his house. Mr. Heldebrandt denied telling the agents he would kill for the marijuana and denied he was willing to use deadly force to protect his marijuana patch. (Apt. Br. at 3.)
 
 
 4
 The sentencing court made the following four findings of facts following the sentencing hearing:
 
 
 5
 1. A loaded 12 gauge shotgun was found in close proximity to a small quantity of processed marijuana in the bus which was used as a residence;
 
 
 6
 2. Fifty-eight marijuana plants were being cultivated in an area nearby;
 
 
 7
 3. It was clearly foreseeable that the firearm could have been used by the defendant to protect his marijuana growing operation as well as for his own protection and for his animal's protection; and
 
 
 8
 4. The firearm was used to protect the defendant, his animals and his marijuana.
 
 
 9
 (Ape. Br. at 4; Tr. at 15; Apt.App., Vol. III.)
 
 
 10
 The sentencing court then applied U.S.S.G. 2D1.1(b)(1), which provides: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." The commentary to this section commands the sentencing court to apply this adjustment "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. 2D1.1, comment. (n.3).
 
 
 11
 Mr. Heldebrandt appeals this decision asserting he met his burden of proof by clearly showing the shotgun found in the bus was not connected to his marijuana cultivation operation.
 
 
 12
 Mr. Heldebrandt makes a jury argument concerning the facts to this court. This is not sufficient. We review the sentencing court's findings of fact utilizing a clearly erroneous standard. In essence, this means if there is evidence supporting the sentencing court's factual conclusions we must uphold them unless we are left with a definite and firm conviction a mistake has been made. There exists more than sufficient evidence to uphold the sentencing court's factual determination. The shotgun was loaded and within easy reach of Mr. Heldebrandt in his residence which in turn was by his marijuana field. Based upon these facts, we cannot say it was clearly improbable the weapon was not connected to the offense.
 
 
 13
 The judgment and sentence of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470